IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, | 1:12-cv-00407 GSA HC |
| Petitioner, | |
| vs. | ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA |
| MIKE MCDONALD, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges a decision reached by the Board of Prison Terms regarding his suitability for parole.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). Where a petitioner attacks the execution of his sentence, the proper forum in which to review such a claim is the district of confinement. See Dunn v. Henman,

1  875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to
2  challenge the execution of a sentence is the district where the prisoner is confined.").

3  In this case, petitioner was sentenced in Fresno County Superior Court, which is located
4  within the Eastern District of California.  He is currently incarcerated at High Desert State Prison in
5  Lassen County, which lies within the Sacramento Division of the Eastern District of California.
6  Because the instant petition is premised on events relating to Petitioner's parole proceedings, the
7  court construes it as a challenge to the execution of petitioner's sentence, as opposed to an attack on
8  the conviction itself.  Thus, this matter should be addressed in the forum where petitioner is
9  confined.  Therefore, the petition should have been filed in the Sacramento Division of the United
10 States District Court for the Eastern District of California.  In the interest of justice, a federal court
11 may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);
12 Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

13 Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the Sacramento
14 Division of the United States District Court for the Eastern District of California.

15 IT IS SO ORDERED.

16 Dated:  April 2, 2012              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE