1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRENCE BROWNLEE,                     1:12-cv-00407 GSA HC

12              Petitioner,
                                            ORDER TRANSFERRING CASE TO
13   vs.                                     THE SACRAMENTO DIVISION OF THE
                                            UNITED STATES DISTRICT COURT FOR
14   MIKE MCDONALD,                          THE EASTERN DISTRICT OF
                                            CALIFORNIA
15              Respondent.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

18   U.S.C. § 2254, in which he challenges a decision reached by the Board of Prison Terms regarding his

19   suitability for parole.

20          The federal venue statute requires that a civil action, other than one based on diversity

21   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

22   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

23   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

24   is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

25   which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

26          In a habeas matter, venue is proper in either the district of conviction or the district of

27   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

28   proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

                                              -1-

1   875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

2   challenge the execution of a sentence is the district where the prisoner is confined.").

3         In this case, petitioner was sentenced in Fresno County Superior Court, which is located

4   within the Eastern District of California.  He is currently incarcerated at High Desert State Prison in

5   Lassen County, which lies within the Sacramento Division of the Eastern District of California.

6   Because the instant petition is premised on events relating to Petitioner's parole proceedings, the

7   court construes it as a challenge to the execution of petitioner's sentence, as opposed to an attack on

8   the conviction itself.  Thus, this matter should be addressed in the forum where petitioner is

9   confined.  Therefore, the petition should have been filed in the Sacramento Division of the United

10  States District Court for the Eastern District of California.  In the interest of justice, a federal court

11  may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);

12  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

13        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the Sacramento

14  Division of the United States District Court for the Eastern District of California.

15        IT IS SO ORDERED.

16     Dated:   **April 2, 2012**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

-2-